UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| BILLY JOE LUCAS, | ) |
| Plaintiff, | ) Civil Action No. 0:22-CV-10-REW-CJS |
| v. | ) |
| CHARLES FARLEY, *et al.*, | ) **RECOMMENDED DISPOSITION** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

## I. Factual and Procedural Background

Plaintiff Billy Joe Lucas filed this *pro se* § 1983 action in January 2022 against Greenup County Jail, "Deputy Ryno," Deputy Charles Farley, "Nurse Tyler," and "Deputy Nick." (R. 1). At the time the actions and failures to act alleged in Lucas's Complaint took place, he was incarcerated at the Greenup County Detention Center. In his Complaint, Lucas alleges that he was put in a restraint chair without reason and left in the chair without proper range of motion exercises and was not permitted to use the restroom. (*Id.*). Lucas claims that as a result, he went to the bathroom on himself and had a panic attack. (*Id.*). He states that he was then taken to a holding cell where he was allegedly tased by "Deputy Ryno" and "Deputy Nick" and stripped of his clothing. (*Id.*). He then asserts that he was left in the cell on suicide watch but was not checked on properly. (*Id.*). He claims the next day he had a panic attack and was refused medical attention when Deputy Charles Farley "slammed the door in [his] face" after which he was placed back in the restraint chair all day. (*Id.*).

The Court sent Lucas its Pro Se Information Packet at the outset of the case. (R. 4). That Packet advised Lucas of basic procedural matters when litigating a case in federal court. Pertinent here, Lucas was told that:

> If your mailing address or telephone number changes, you must **immediately** file a written Notice of Change of Address form. If you don't, the Court might rule against you on a motion or dismiss your case because it cannot contact you.

(R. 4 at p. 2).

The case was submitted for initial screening and on March 11, 2022, the Court dismissed all of Lucas's claims except those against "Deputy Ryno," "Deputy Nick," and Deputy Farley in their individual capacities and service of process on these remaining Defendants was ordered. (*See* R. 7). On April 11, 2022, the Defendants filed their Answer. (R. 12). On April 27, 2022, the presiding District Judge issued a Case Management and Referral Order referring this case to the undersigned for pretrial oversight, including establishing a case schedule and discovery management. (*See* R. 13).

The Clerk of Court attempted to mail Lucas the April 27 Case Management and Referral Order (R. 13), but the mailing was returned to the Clerk's Office as undeliverable. (*See* R. 16). On May 5, 2022, the undersigned issued a Scheduling Order setting deadlines for the parties to complete discovery and file dispositive motions. (*See* R. 15). The Clerk of Court's attempt to mail Lucas that Scheduling Order was also unsuccessful, and that mailing was also returned to the Clerk as undeliverable. (*See* R. 17).

After the Referral Order and the Scheduling Order were both returned, a check at that time of the Kentucky Online Offender Lookup, https://kool.corrections.ky.gov, revealed that Lucas's location was listed as "Home Incarceration Program (HIP)." By Order issued June 8, 2022, Lucas was informed that if he wished to pursue his case, he must file a notice of change of address with

2

the Clerk of Court within 21 days and that failure to do so would likely result in the undersigned recommending that his case be dismissed as abandoned. (*See* R. 18). Mailing of that Order to Lucas at his then address of record was subsequently returned to the Clerk of Court on June 24, 2022, the envelope stamped "Return to Sender" with a handwritten note "not here." (R. 19).

**II.     Analysis**

A federal trial court has authority to dismiss a case under Federal Civil Rule 41(b) because of a plaintiff's failure to prosecute his claims. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31 (1962) (holding the language in Rule 41(b) allowing for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss *sua sponte*).[1] "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.; see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute."); *see Palasty v. Hawk,* 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999)) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties, after certain plaintiffs failed to respond to a court order requiring filing status information).

---

[1] Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

In determining whether a case should be dismissed for failure to prosecute under Federal Rule 41(b), a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren,* 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll,* 176 F.3d at 363. As discussed below, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

First, the Court does not know specifically why Lucas has failed to comply with the Court's *pro se* filer notice and Order to notify the Clerk of any change in his address, but it appears he has abandoned his case. Such refusal evidences a willful disregard of the Court's instruction. The authority to dismiss a case for failure to prosecute applies specifically in the context here—where a litigant apparently abandons his case by failing to update the court as to his address. *Watsy v. Richards*, 816 F.2d 683, 1987 WL 37151 (6th Cir. 1987) (affirming district court's dismissal of action under Rule 41(b) where the *pro se* plaintiff failed to update the district court as to his current address); *see also Rogers v. Ryan*, No. CV 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address."). Under the Joint Local Rules for the Eastern and Western Districts of Kentucky, "[f]ailure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.3(e). Lucas was informed of this duty to immediately advise of any change in his mailing address early in the proceedings (S*ee* R. 4). Nevertheless, multiple orders of the Court were returned as undeliverable, demonstrating that Lucas failed to update his address as required. (*See* R. 16; R. 17; R. 19).

4

The case docket reflects the last document Lucas sent to the Clerk of Court was a Motion for Court Order of Evidence (R. 6) received and filed on February 24, 2022, which Motion was denied as premature by Order dated March 22, 2022 (R. 10). It appears that March 22 Order was received by Lucas as the docket does not reflect that this Order was returned as undeliverable. However, Lucas has not made any filings since that Motion for Court Order of Evidence was received and filed on February 24, 2022. Nor has Lucas updated the Court and Clerk's Office with any changes of his address. Attempt was made by the June 8 Order to remind Lucas of his obligation to participate in the case and promptly inform of address changes else risk dismissal; that Order was also returned as undeliverable (*see* R. 19). Lucas's actions and lack of action indicate that his failure to prosecute this case and update his address were willful decisions by him.

Second, while the prejudice to Defendants at this point may be minimal, they have expended time and funds in defending this action, including preparation of a responsive pleading. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources to defend this case."). In addition, Lucas's inaction has resulted in an overall delay of the litigation. Thus, Lucas's failure to move this case forward by providing an updated address or by making any other filing to advance the case has caused prejudice to Defendants.

For the third factor, the Local Rule requires and Lucas was specifically instructed to keep the Court apprised of changes in his address if he intended to pursue his case and he has not done so. (*See* R. 4; R. 18). *See Austin v. Dennis*, No. 0:13-cv-118-HRW, 2014 WL 6909659, at *3 (E.D. Ky. Dec. 8, 2014) (finding third factor met where plaintiff "was warned by the Court in its initial order that failure to keep the Court apprised of his location could result in dismissal of his

case"); *Rogers v. Ryan*, No. CV 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) (dismissal appropriate sanction for *pro se* litigant's failure to provide current address). Thus, Lucas is on notice and has been warned that he must immediately advise the Clerk's Office of any change in his mailing address, and that should he fail to do so, "the Court might rule against you on a motion or dismiss your case because it cannot contact you." (R. 4 at Page ID 27).

Lastly, the fourth factor looks to whether less drastic sanctions were imposed or considered. Because Lucas has disregarded the Court's instructions and orders and has effectively abandoned his case, dismissal is appropriate. *See Link,* 370 U.S. at 629-30 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). However, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, "no alternative sanction would protect the integrity of pre-trial procedures" as Lucas's actions have indicated that he does not intend to further participate in his case. *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). Thus, given Lucas's disregard for the Court's instructions and orders, and his lack of participation in this matter including failure to provide any address changes, dismissal of this case without prejudice is warranted.

### III.     Conclusion and Recommendation

As explained above, all four factors identified by the Sixth Circuit weigh in favor of dismissal of this action. Accordingly, **IT IS RECOMMENDED** that:

1. Lucas's Complaint (R. 1) **be dismissed without prejudice** for failure to prosecute and to comply with the Court's Orders; and,

2. this action **be stricken** from the Court's active docket.

Specific objections to this Recommended Disposition must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within 14 days of being served with a copy. Fed. R. Civ. P. 72(b)(2).

Signed this 4th day of August, 2022.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil ashland\2022\22-10-REW recmded disptn to dismiss.docx