UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| BILLY JOE LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 0:22-CV-10-REW-CJS |
| v. | ) | |
| | ) | ORDER |
| CHARLES FARLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In January 2022 Plaintiff Billy Joe Lucas filed this 42 U.S.C. § 1983 action against Greenup County Jail and multiple entity employees. *See* DE 1 (Complaint). The Court screened the Complaint and initially dismissed without prejudice all claims except those against deputies Ryno, Nick, and Farley—each in their individual capacities. *See* DE 7 (Order). The Court then referred the matter to Magistrate Judge Candace J. Smith for pretrial oversight. *See* DE 13 (Case Management and Referral Order).

In late April and early May of 2022—in pursuit of scheduling and case management—the Court attempted to mail Lucas the DE 13 Case Management and Referral Order and a DE 15 Scheduling Order. However, they were both returned as undeliverable. *See* DE 16 (noting the Case Management and Referral Order was undeliverable); DE 17 (noting the Scheduling Order was undeliverable). On June 8, 2022, upon learning that Lucas was listed in the "Home Incarceration Program," the Court ordered Lucas to file a change of address within 21 days or else face possible dismissal. *See* DE 18 (Order). That Order, like the previous two, was also returned as undeliverable. *See* DE 19 (noting the Order to Change Address was undeliverable).

Without receiving any new filings from Lucas—updated address or otherwise—Judge Smith now recommends that the Court dismiss Lucas's DE 1 Complaint without prejudice for failure to prosecute and failure to comply with the Court's DE 18 Order. *See* DE 20 (Recommended Disposition). No party objects. The matter is ripe for review.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a [party] does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Civ. P. 72(b)(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party, with three months of silence from Lucas, with utter inattention by Plaintiff to the responsibilities in and pendency of this case, and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** the DE 20 Recommended Disposition;

2. The Court **DISMISSES WITHOUT PREJUDICE** the DE 1 Complaint;

3. The Court **DIRECTS** the Clerk to **STRIKE** this matter from the docket; and

4. The Court **SHALL** enter an appropriate Judgment.

This the 9th day of September, 2022.

Signed By:

**_Robert E. Wier_**

**United States District Judge**